```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

MARCHELLO DION JEFFERSON,
    Petitioner,

    v.                                                 CIVIL ACTION NO.
                                                             12-10030-MBB

JEFFREY GRONDOLSKY,
Warden,
    Respondent.

**MEMORANDUM AND ORDER RE:**
**MOTION FOR APPOINTMENT OF COUNSEL**
**(DOCKET ENTRY # 6)**

**November 9, 2012**

**BOWLER, U.S.M.J.**

    Petitioner Marchello Dion Jefferson ("petitioner"), an inmate at the Federal Medical Center in Devens, Massachusetts, filed the above styled petition under 28 U.S.C. § 2241 ("section 2241") seeking a correct calculation of a federal sentence. He presently seeks appointment of counsel. (Docket Entry # 6). The motion alleges he is indigent without providing a sworn financial affidavit. (Docket Entry # 6). Petitioner paid the filing fee and is not proceeding in forma pauperis.

<u>DISCUSSION</u>

    Section 3006A allows for appointment of counsel where the "interests of justice so require" and the person is "financially eligible" and seeking relief under section 2241. 18 U.S.C. §

3006A(a)(2)(B); see Keys v. Bureau of Prisons, 2001 WL 1029172, at * 1 (D.C.Cir. Oct. 12, 2001) (denying appointment of counsel in section 2241 proceeding using interests of justice analysis under 18 U.S.C. § 3006A(a)(2)(B)); United States v. Tubwell, 37 F.3d 175, 179 (5th Cir. 1994) (failure to satisfy interests of justice standard warranted denying appointment of counsel in section 2241 proceeding); see also Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990) ("court may appoint counsel for any financially eligible person seeking relief under section 2254 when the interests of justice so require").

The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts. See United States v. Mala, 7 F.3d 1058, 1063-1064 (1st Cir. 1993). The petition fails to meet this standard.

In addition, the statute requires an adequate showing that the petitioner is "financially unable to obtain counsel." 18 U.S.C. § 3006A(b). "'It is not enough to *claim* inability to hire a lawyer.'" U.S. v. Murphy, 469 F.3d 1130, 1135 (7th Cir. 2006) (emphasis in original); 18 U.S.C. § 3006A(b) (allowing court to appoint counsel "after appropriate inquiry"). "The inquiry is usually addressed by having a defendant fill out a form financial affidavit" although the statute does not require a "'particular

method'" to ascertain "'a defendant's financial status.'" U.S. v. Murphy, 469 F.3d at 1135. Petitioner's allegation "that he is indigent" (Docket Entry # 6) is not sufficient to warrant appointment.

Petitioner may reapply for appointment in the event this court finds that an evidentiary hearing is warranted and/or this case proceeds to a more complex stage involving nonfrivolous claims. Any such future application should include a sworn statement or affidavit setting out petitioner's assets, if any, and available funds.

Separately, petitioner filed a motion to concur on October 2, 2012. (Docket Entry # 15). The motion attaches an Order dated August 20, 2012, by a Judge of the Minnesota State District Court for the Third Judicial District, Rice County, relative to a 365 day sentence petitioner received in that court on June 23, 2009. The Order amends petitioner's sentence to run concurrently with the federal sentence under attack. Respondent Jeffrey Grondolsky ("respondent") filed a summary judgment motion prior to the issuance of the August 20, 2012 Order. Respondent is therefore directed to file either a response to the motion to concur or a supplement to the memorandum in support of summary judgment addressing the effect, if any, of the Order on the calculation of his federal sentence.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion for appointment of counsel (Docket Entry # 6) is **DENIED** without prejudice at this time.  Respondent is directed to file a response to the motion to concur or a supplement to the memorandum in support of summary judgment on or before November 30, 2012.

      /s/ Marianne B. Bowler  
    **MARIANNE B. BOWLER**  
    United States Magistrate Judge