UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARCHELLO DION JEFFERSON,
      Petitioner,


      v.                                    CIVIL ACTION NO.
                                            12-10030-MBB

JEFFREY GRONDOLSKY,
Warden FMC Devens,
      Respondent.



**MEMORANDUM AND ORDER RE:
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
(DOCKET ENTRY# 11); AND
PETITIONER'S MOTION FOR THE COURT TO CONCUR WITH THE ORDER OF
THE STATE OF MINNESOTA FOR 365 DAYS TO BE RAN [SIC]
CONCURRENTLY WITH THE FEDERAL SENTENCE
(DOCKET ENTRY # 15)**


**March 1, 2013**


**BOWLER, U.S.M.J.**

      Pending before this court is a motion for summary judgment

filed by respondent Jeffrey Grondolsky ("respondent"), Warden at

the Federal Medical Center ("FMC") in Devens, Massachusetts.

(Docket Entry # 11).  Respondent seeks summary judgment of the

above styled 28 U.S.C. § 2241 ("section 2241") petition filed by

petitioner Marchello Dion Jefferson ("petitioner"), an inmate at

FMC.  (Docket Entry # 1).  Also before this court is

petitioner's motion for the court to concur with an order of the

state of Minnesota for 365 days to run concurrently with petitioner's federal sentence.  (Docket Entry # 15).

Petitioner was arrested on June 6, 2007, and since then he has been in either Minnesota state custody or federal custody. On May 7, 2009, the United States Court for the District of Minnesota ("Minnesota district court") sentenced petitioner to 78 months for possession of cocaine with intent to distribute and for discharging a firearm in furtherance of a drug offense ("federal sentence").  On June 23, 2009, the Minnesota state court in Rice County ("Minnesota state court") sentenced petitioner to 365 days of time served for harassment with intent to injure ("state sentence").

The Federal Bureau of Prisons ("BOP") awarded petitioner credit from June 6, 2007 until June 23, 2008 (384 days) towards his federal sentence.  The BOP did not award petitioner credit against the federal sentence for the time period from June 23, 2008 to June 23, 2009 (365 days), because the Minnesota state court awarded petitioner credit for this time period towards the state sentence.  Petitioner satisfied his state sentence on June 23, 2009, the day he was sentenced by the Minnesota state court to time served.  Since June 23, 2009, petitioner has been serving his federal sentence.  Petitioner's projected release date is January 29, 2014.  Should he be afforded the relief he seeks in this court, i.e., for his federal and state sentences

to run concurrently, he would be afforded credit for the June 23, 2008 to June 23, 2009 time period and therefore released from custody on or about January 30, 2013.

BACKGROUND

On June 5, 2007, a federal warrant for petitioner's arrest was issued after a grand jury sitting in the Minnesota district court indicted him.  The Indictment charged petitioner with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and 846 (Count One); conspiring to possess a firearm during and in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) and 924(o) (Count Two); and possessing and discharging a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three).  (Docket Entry # 12, Ex. 1, p. 9).

The next day, "[o]n June 6, 2007, [petitioner] was arrested by the State of Minnesota, Rice County."  (Docket Entry # 1). Petitioner was charged with harassment with intent to injure, second or subsequent harassment violation in ten years, unlawful force or violence and disorderly conduct pursuant to Minnesota state laws 609.749.2(a)(1), 609.749.4(a), 609.71.3 and 609.72.1(3), respectively.  (Docket Entry # 12, Ex. 1, pp. 1, 6

& 11).  He was placed in the Rice County jail in Faribault,
Minnesota.

That same day, June 6, 2007, the United States Attorney's
Office in the District of Minnesota filed an application for
writ of habeas corpus *ad prosequendum* ("WHCAP")[1] directing the
Rice County jail to transfer petitioner into federal custody to
face the charges in the June 5, 2007 Indictment.  (Docket Entry
# 12).  That same day a federal judge issued the WHCAP, which
was addressed to "118 NW 3rd Street, Faribault, MN 55021," the
address of the Rice County jail.[2]  (Docket Entry # 1, Ex. 1, p.
10).  Petitioner acknowledges that he was released on June 7,
2007, "to the custody of A.T.F.[3] and the V.O.T.F."[4]  (Docket
Entry # 1).  The United States Marshals Service ("USMS") placed
petitioner in Sherburne County jail from June 7, 2007 until June
27, 2007 when, per request of an Assistant United States
Attorney, he was moved to Anoka County jail where he was

---

[1]  A WHCAP is "issued directly by a court of the
jurisdiction where an indictment, information, or complaint has
been lodged against the prisoner [and] operates as a court order
requesting the prisoner's appearance to answer charges in the
summoning jurisdiction."  United States v. Kelly, 661 F.3d 682,
686 (1st Cir. 2011), aff'd, 132 S.Ct. 2116 (2012).
[2]  This court takes judicial notice of the address of the
Rice County jail, which is also evidenced in the letterhead of
the letter by Kris Shuda, jail clerk.  (Docket Entry # 1, Ex. 1,
p. 9).
[3]  A.T.F. is the acronym for the federal Bureau of Alcohol,
Tobacco, Firearms and Explosives.
[4]  V.O.T.F is the acronym for the Violent Offender Task
Force.

incarcerated from June 27, 2007 until June 5, 2009.  (Docket Entry # 12, Ex. 1, p. 16).

Petitioner asserts he was in federal custody from June 7, 2007, to June 5, 2009.[5]  The records of the BOP and the USMS indicate that petitioner's temporary federal custody began on June 7, 2007, in accordance with the WHCAP.  (Docket Entry # 12, Ex. 1, pp. 11 & 16).  In August 2007, while petitioner was in federal custody pursuant to WHCAP, the State of Minnesota issued a warrant for petitioner's arrest.[6]  (Docket Entry # 1, Ex. 1, p. 8).

On May 7, 2009, the Minnesota district court sentenced petitioner to a total term of 78 months imprisonment after he pleaded guilty to Counts one and three of the Indictment.  (Docket Entry # 12, Ex. 1, pp. 19-20).  The term consisted of two consecutive sentences:  60 months on Count One and 18 months on Count Three.  (Docket Entry # 12, Ex. 1, pp. 19-20).  The

_____

[5]  In the petition, petitioner states that "from June 7, 2007, to May 9, 2009 [he] was in federal custody."  (Docket Entry # 1, p. 4).  In contrast to the May 9, 2009 end date in the petition, the records of Rice County Sheriff's Office (Docket Entry # 1, Ex. 1, p. 9) and the records of the BOP (Docket Entry # 1, Ex. 1, p. 11) indicate that petitioner's temporary federal custody during that time period ended on June 5, 2009.  "When a complaint annexes and incorporates by reference a written instrument, any inconsistencies between the complaint and the instrument must be resolved in favor of the latter."  Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002).

[6]  While the arrest warrant is dated as issued on August 6, 2007, the state register of actions recorded it as issued on August 13, 2007.

Minnesota district court that sentenced petitioner ("federal sentencing court") was silent on whether the federal sentence should run concurrently with the not-yet imposed state sentence. (Docket Entry # 12, Ex. 1, pp. 19-20 & 46).

Rice County represents that petitioner was in state custody in the Rice County jail from June 5 to June 24, 2009. (Docket Entry # 1, Ex. 1, p. 9). Acting on petitioner's federal sentence, on June 8, 2009, the USMS in the District of Minnesota lodged a detainer against petitioner with the Rice County jail. (Docket Entry # 12, Ex. 1, p. 24).

On June 23, 2009, the Minnesota state court sentenced petitioner for harassment with intent to injure to 365 days, receiving 365 days credit of time served. (Docket Entry # 1, Ex. 1, p. 5). The BOP therefore credited the time period from June 23, 2008 to June 23, 2009 against petitioner's state sentence. On June 24, 2009, petitioner was released from state custody and turned over to the USMS. (Docket Entry # 12, Ex. 1, p. 16).

The BOP calculates petitioner's federal sentence to "commence on June 23, 2009, the date [petitioner] was released from his [state] sentence." (Docket Entry # 12, Ex. 1, p. 2). The total time petitioner spent in state and/or federal custody from June 6, 2007, through June 23, 2009, totals 749 days. (Docket Entry # 12, Ex. 1, p.2). The BOP gave petitioner credit

6

against his federal sentence for two days from May 24 through
May 26, 2007,[7] and for 384 days from June 6, 2007, through June
23, 2008.  (Docket Entry # 12, Ex. 1, pp. 2 & 29).  The disputed
time period is therefore the June 23, 2008 to June 29, 2009 time
period.

Petitioner filed a request for administrative remedy
seeking that the BOP grant him credit on his federal sentence
for the time he spent in state custody since he was taken into
temporary federal custody on June 7, 2007.  (Docket Entry # 1,
Ex. 1, p. 13).  The BOP denied petitioner's request stating that
the Minnesota state court had awarded petitioner with 365 days
of jail credit and the remainder had been credited towards his
federal sentence.  (Docket Entry # 1, Ex.1, p. 13).  The BOP
further explained that, pursuant to 18 U.S.C. § 3585(B),
petitioner could not receive credit toward the service of his
federal sentence for time that had already been credited against
another sentence.  Petitioner appealed the decision of the BOP
twice without success.  (Docket Entry # 1).

---

[7]  On May 24, 2007, petitioner was arrested in Ramsey
County, Minnesota, for felony assault and released on May 26,
2007, after not being formally charged.  (Docket Entry # 12).
The BOP awarded this time against petitioner's federal sentence
because it never resulted in a term of imprisonment.  (Docket
Entry # 12, Ex. 1, p. 2).  Petitioner does not challenge the
BOP's calculation of this credit.

Having exhausted his administrative remedies,[8] petitioner
filed this section 2241 petition challenging the BOP's
determination of his ineligibility to receive jail time credit
from June 7, 2007 to May 9, 2009, toward his federal sentence.
(Docket Entry # 1).  Petitioner furthermore asks this court for
his federal sentence to run concurrently with his state
sentence, thereby crediting him with 365 days toward his federal
sentence.  (Docket Entry # 15).  In support of his motion,
petitioner submits a Minnesota state court order dated August
20, 2012, that directs for petitioner's state sentence to run
concurrent with his federal sentence.  (Docket Entry # 15, p.
2).  Respondent opposed petitioner's motion.  (Docket Entry #
21).

After the filing of the section 2241 petition, the BOP
considered whether petitioner should be afforded a nunc pro tunc
designation of the state facility as the place for service of
the federal sentence.  (Docket Entry # 12).  On March 28, 2012,
the BOP sought input from the federal sentencing court but
received no response.  (Docket Entry # 12).  Taking into
consideration the factors in 18 U.S.C. § 3621(b) regarding a

---

[8]  Petitioner submitted and this court has reviewed the
Warden of FCI Fort Dix's January 19, 2010, response to
petitioner's first request for administrative remedy.  (Docket
Entry # 1, p. 13).  Petitioner appealed the denial and on May
10, 2010, the Regional Director denied the appeal.  (Docket
Entry # 1, p. 11).

convicted person's place of imprisonment, the BOP decided not to grant petitioner retroactive designation for concurrent service of the state and federal terms.   (Docket Entry # 12).

## DISCUSSION

"Judicial review of the BOP's decision to grant a nunc pro tunc designation of a state facility for service of a federal sentence is limited to abuse of discretion." Ysabel v. Sabol, 645 F.Supp.2d 37, 39 (D.Mass. 2009).   Once administrative remedies have been exhausted prisoners may seek judicial review of a BOP's jail time credit determination by filing a section 2241 petition.   Rogers v. United States, 180 F.3d 349, 357-58 (1st Cir. 1999).

At issue in the current suit is whether petitioner received appropriate credit for the time he was imprisoned prior to the commencement of his federal sentence on June 23, 2009.   In particular, the dispute concerns whether the time credited for petitioner's state sentence, June 23, 2008 to June 23, 2009, should be deemed to have run concurrently to his federal sentence, which would result in 365 days credited toward his federal sentence.

Petitioner concedes that he was arrested by the state on June 6, 2007, and then released to the federal government on June 7, 2007.   He nevertheless takes issue with the failure to note the WHCAP in the state court docket, referred to as the

register of actions, and that in August 2007, while he was in federal custody, the state issued a warrant for his arrest.

The evidence reflects that the federal government obtained temporary custody over petitioner on June 5, 2007, through the WHCAP.  In the petition, petitioner included a copy of the application for the WHCAP addressed to the Rice County authorities, filed by an Assistant United States Attorney, and issued by a United States Magistrate Judge.  Even though the WHCAP's return of service portion is unsigned, the WHCAP is date stamped as filed on June 6, 2007, and the return of service portion has a handwritten notation, "Writ Issued 6/6/07." (Docket Entry # 1, Ex. 1, p. 10).  The records of the USMS and the BOP also indicate that petitioner was obtained from state custody by way of a WHCAP.

Petitioner acknowledges that, "If the federal government can show that the [WHCAP] was executed by the federal government [he] will concede the argument" in favor of the government.  The record shows that the federal government was able to obtain temporary custody of petitioner from the state through execution of a WHCAP dated June 6, 2007.[9]

Petitioner's challenge of the BOP's determination that he is ineligible to receive jail time credit from June 6, 2007 to

---

[9]  Petitioner does not contest that he was released by the state to the federal government on June 7, 2007.

May 9, 2009, requires examining the computation of his sentence. Calculation of a term of imprisonment is governed by 18 U.S.C. § 3585.  Determining proper credit for the terms of imprisonment initially requires determining: "(1) when the sentence commences, and (2) to what extent the defendant in question may receive credit for any time already spent in custody." Jimenez v. Warden FDIC, Fort Devens, Massachusetts, 147 F.Supp.2d 24, 27 (D.Mass. 2001).

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  A federal sentence does not commence until the defendant is received into custody for service of that sentence.  United States v. Smith, 812 F.Supp. 368 (E.D.N.Y. 1993).  Therefore, federal custody over state prisoners "commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation." Jimenez, 147 F.Supp.2d at 28.

The sovereign that first arrests a defendant has primary jurisdiction over him and such primary jurisdiction remains vested until that sovereign relinquishes it by, inter alia, expiration of the sentence.  Id.  "Producing a state prisoner under a [WHCAP] to answer federal charges does not relinquish

state custody." Id.  This is because the nature of the WHCAP is
such that "the sending state retains full jurisdiction over the
prisoner since the prisoner is only 'on loan' to the prosecuting
jurisdiction." United States v. Kelly, 661 F.3d 682, 686 (1st
Cir. 2011), aff'd, 132 S.Ct. 2116 (2012).  Once the WHCAP is
issued, "the defendant officially remains in the jurisdiction of
the sovereign from which he was borrowed, even though his
custodians change." Stephens v. Sabol, 539 F.Supp.2d 489, 493
(D.Mass. 2008).

Petitioner was initially arrested by Rice County
authorities on June 6, 2007, and was thus under primary state
custody.  See id.; Jimenez, 147 F.Supp.2d at 28.  When he was
produced to federal authorities under a WHCAP on June 7, 2007,
the state did not relinquish primary custody over petitioner's
custody.  Primary jurisdiction remained vested in the state, as
no triggering event occurred to shift primary custody to the
federal government.  See Chambers v. Holland, 920 F.Supp. 618,
622 (M.D.Pa. 1996).  The state merely loaned petitioner to the
federal authorities who in turn gained temporary custody over
him.  See Kelly, 661 F.3d at 686 ("The [WHCAP] allows the
issuing court to obtain temporary custody of the prisoner").

While petitioner was under temporary federal custody from
June 7, 2007 to June 5, 2009 he was held at two state

facilities.[10]   From June 7, 2007 to June 27, 2007 petitioner was incarcerated at the Sherburne County jail and from June 27, 2007, to June 5, 2009, he was incarcerated at the Anoka County jail (Docket Entry # 12, Ex. 1, p. 16).   Neither the federal sentencing court nor the BOP designated these state facilities for service of petitioner's federal sentence.   Petitioner's federal sentence could only have commenced when the federal government received him into custody on June 23, 2009, the date he satisfied his state sentence.   See Jimenez, 147 F.Supp.2d 24; Smith, 812 F.Supp. 368.   The BOP therefore correctly calculated petitioner's federal sentence of 78 months to have commenced on June 23, 2009.

Petitioner requests for his 365 day state sentence to run concurrently with his 78 month federal sentence, as recommended by the Minnesota state court order of August 20, 2012, is therefore misplaced.

As stated and established by 18 U.S.C. § 3585(b), petitioner:

> shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

---

[10]   This court takes judicial notice that Sherburne County jail and Anoka County jail are state facilities.

*that has not been credited against another sentence*.
18 U.S.C. § 3585(b) (emphasis added).  In the statute, "Congress made clear that a defendant could not receive a double credit for his detention time."  United States v. Wilson, 503 U.S. 329, 337 (1992).

On June 23, 2009, the Minnesota state court sentenced petitioner to a term of imprisonment of 365 days and ordered he was to receive credit for 365 days of time served.  The BOP in its discretion, Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002); Jimenez, 147 F.Supp.2d at 28, thus determined that the 365 day credit for the state sentence would count back from the date of sentencing:  from June 23, 2009 until June 23, 2008.

Having received credit for 365 days toward his state sentence, petitioner cannot receive the same days credited toward his federal sentence.  18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337.  From the date of his arrest on June 6, 2006, up until the state sentence was deemed served and his federal sentence commenced on June 23, 2009, petitioner was imprisoned for 749 days.  Since petitioner should be credited for the time he spent detained prior to the date his federal sentence commenced, but excluding time that has been credited against his state sentence, 384 days must be credited to his federal sentence.  See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337.  The BOP therefore correctly credited towards petitioner's

federal sentence 384 days corresponding to the time period form June 6, 2007 until June 23, 2008.

Petitioner seeks an order from this court that his state sentence ran concurrently with his federal sentence, thereby crediting him with the 365 days that have already been credited toward his state sentence. (Docket Entry # 15). In fact, this is what the Minnesota state court ordered on August 20, 2012. (Docket Entry # 15, p. 2).

While under 18 U.S.C. § 3584(a) sentences "imposed at different times [are to] run consecutively unless the court orders that the terms are to run concurrently," under certain circumstances, the BOP has discretion to designate a state facility as the place for service of the federal sentence in a nunc pro tunc fashion. See BOP Program Statement 5160.05, ¶ 9; (Docket Entry # 12, Ex. 1, pp. 32). The BOP can only designate a state institution for concurrent service of a federal sentence "when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." Ysabel, 645 F.Supp.2d at 39; BOP Program Statement 5160.05, ¶ 8; (Docket Entry # 12, Ex. 1, pp. 32).

Respondent construed the petition (Docket Entry # 1) as a request to retroactively designate the state facility as the place for service of the federal sentence. In essence, petitioner's subsequent motion (Docket Entry # 15) asks that the

facility designated for his state sentence of 365 days be
retroactively designated as the place of service of his federal
sentence, thereby granting him with a credit of 365 days towards
his federal sentence.  In making its determination, the BOP
initially sought the input of the federal sentencing court.
Having not received a reply, the BOP analyzed petitioner's
request using the factors listed in 18 U.S.C. § 3621(b).[11]

Because the federal sentencing court was silent on the
matter, the BOP acted appropriately when it sought to determine
whether or not to grant petitioner nunc pro tunc designation of
the state facility for service of the federal sentence.  The
statute granting the BOP discretion to designate place of
imprisonment for service of a federal sentence gave BOP
exclusive authority to address prisoner's request for nunc pro
tunc designation of state prison in which he was incarcerated as

---

[11]   The factors to be used by the BOP to determine place of
imprisonment are:
        (1) the resources of the facility contemplated;
        (2) the nature and circumstances of the offense;
        (3) the history and characteristics of the prisoner;
        (4) any statement by the court that imposed the
        sentence--
            (A) concerning the purposes for which the
            sentence to imprisonment was determined to be
            warranted; or
            (B) recommending a type of penal or correctional
            facility as appropriate; and
        (5) any pertinent policy statement issued by the
        Sentencing Commission pursuant to section 994(a)(2) of
        title 28.
18 U.S.C. § 3621(b).

place of confinement for service of his federal sentence.  See
Mejia v. Grondolsky, 2012 WL 517917, at *1 (D.Mass. Feb. 16,
2012).

The problem with granting petitioner's motion for his
sentences to run concurrently is that the federal sentencing
court did not so order.  The federal sentencing court's judgment
was silent as to any possible relation with petitioner's not-yet
imposed state sentence.  The federal sentencing court continued
its silence when the BOP sought its input in March 28, 2012.

A district court has the discretion to order that a federal
sentence run consecutively to an anticipated state sentence that
has not yet been imposed.  Setser v. United States, 132 S.Ct.
1463, 1468 (2012) (finding that Congress did not foreclose
exercise of district courts' sentencing discretion in these
circumstances).  Absent contrary direction from the federal
sentencing court, a federal sentence is presumed to run
consecutively to the later-imposed state sentence.  See 18
U.S.C. § 3584(a).  Notably, the determination of whether a
prisoner's federal sentence should run consecutively to his
state sentence is "a federal matter which cannot be overridden
by a state court provision for concurrent sentencing on a
subsequently obtained state conviction."  United States v.
Eccleston, 521 F.3d 1249, 1254 (10th Cir. 2008).  A state court
cannot unilaterally impose a concurrent sentence to a federal

sentence.  <u>Martin v. Lamanna</u>, 2009 WL 690686, at *7 (D.S.C. March 16, 2009), <u>aff'd</u>, 333 F.App'x 796 (4th Cir. 2009).

In sum, the federal sentencing court was silent.  The BOP took into consideration whether petitioner's request should be granted.

CONCLUSION

In accordance with the foregoing discussion, respondent's motion to for summary judgment (Docket Entry # 11) is **ALLOWED** and petitioner's motion to concur (Docket Entry # 15) is **DENIED**.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge